JUDGE DAVID GUADERRAMA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| **ERIK SALAIZ,** | § |
| | § |
| Plaintiff, | § |
| | § |
| v. | § |
| | § |
| **TR ADVOCATES, LLC** a California Limited Liability Company and **GEORGE NUNEZ** | § |
| | § |
| Defendants. | § |



EP22CV0009

## PLAINTIFF'S ORIGINAL COMPLAINT

### PARTIES

1. Plaintiff ERIK SALAIZ ("Plaintiff") is a natural person and is a citizen of the Western District of Texas and was present in the Western District of Texas during all calls at issue in this case.

2. Defendant TR ADVOCATES, LLC ("TRA") is a Limited Liability Company organized and existing under the laws of California and can be served via registered agent George Nunez at 16808 Armstrong Avenue, Suite 215, Irvine California, 92606.

3. Defendant TRA principals place of business is 16808 Armstrong Avenue, Suite 215, Irvine California, 92606.

4. Defendant GEORGE NUNEZ ("Nunez") is a natural person, resident of California, and Chief Executive Officer of TRA and can be served at 307 Eagle Drive Placentia, California 92870.

5. Defendant TRA and Nunez (together "Defendants")

## NATURE OF ACTION

6. Plaintiff brings this Complaint and Demand for Jury Trial against Defendants to stop placing illegal robo and unauthorized calls to Plaintiff's personal cell phone and to obtain redress as authorized by statute.

7. Defendants offer tax debt relief services to consumers. As part of marketing their services, Defendant TRA and their agents placed illegal robocalls to Plaintiff's cell phone that used an automated telephone dialing system ("ATDS") and a prerecorded voice advertisement.

8. Defendant TRA make unsolicited and unauthorized phone calls to thousands of consumers using artificial or prerecorded voice messages to sell their services.

9. Defendants did not obtain express written consent from Plaintiff prior to calling his cell phone, and Defendants are therefore liable under the Telephone Consumer Protection Act 47 U.S.C. § 227 (the "TCPA") and its implementing regulation, 47 C.F.R. § 64.1200(a)(2).

10. Congress enacted the TCPA in 1991 to restrict the use of sophisticated telemarketing equipment that could target millions of consumers *en masse*. Congress found that these calls were not only a nuisance and an invasion of privacy to consumers specifically but were also a threat to interstate commerce generally. *See* S. Rep. No. 102-178, at 2-3 (1991), as reprinted in 1991 U.S.C.C.A.N. 1968, 1969-71.

11. The TCPA targets unauthorized calls exactly like the ones alleged in this case, based on Defendant TRA's use of technological equipment to spam consumers on a grand scale without their consent.

12. By placing the calls at issue, Defendants have violated the statutory rights and privacy of

Plaintiff and caused him to suffer damages that are recognized by statute.

13. Plaintiff therefore seeks an injunction requiring Defendant TRA to stop calling his personal cell phone, as well as an award of actual and statutory damages, civil penalties, costs and reasonable attorneys' fees.

## JURISDICTION AND VENUE

14. This Court has federal subject matter jurisdiction under 28 U.S.C. § 1331, as this case arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227, which is a federal statute.

15. This Court has supplemental subject matter jurisdiction over Plaintiff's claim arising under Texas Business and Commerce Code 305.053 because that claim arises from the same nucleus of operative fact, i.e., Defendants telemarketing robocalls to Plaintiff; adds little complexity to the case; and doesn't seek money damages, so it is unlikely to predominate over the TCPA claims.

16. This Court has personal jurisdiction over Defendants because they conduct business in this District and in the State of Texas and because the events giving rise to this lawsuit occurred in this District.

17. Venue is proper in this District pursuant to 28 U.S.C. §1391(b) because Defendants regularly conducts business in the state of Texas and in this District, and because the wrongful conduct giving rise to this case occurred in this District.

## FACTUAL ALLEGATIONS

18. Plaintiff's personal cell phone (915) 490-0898 is on the National-Do-Not-Call-Registry.

19. Defendant TRA offers tax debt relief services to consumers who owe taxes to the IRS.

20. Defendant Nunez controls and dominates TRA.

21. Defendant Nunez approves of the contracts with the telemarketers who make illegal robocalls with artificial or prerecorded voice messages to thousands of consumers cellular and residential phone numbers using an ATDS.

22. Defendant Nunez authorizes the payments to the telemarketers.

23. Defendant Nunez pays the telemarketers out of bank accounts he owns and controls.

24. Defendant Nunez provides instruction and guidance on who to solicit and the minimum qualifications of potential clients.

25. Defendant TRA has been sued before for TCPA violations (case # 4:2021cv03078) and Defendant Nunez continues to knowingly and willfully authorize telemarketers to place illegal robocalls (like the calls alleged in this complaint) to thousands of consumers en mass by using an ATDS.

26. Defendant Nunez has full control over TRA and has the authority to stop the illegal robocalls however has refused to do so because it benefits defendants financially.

27. Defendant Nunez approves of the scripts when calling consumers (like the ones alleged in this complaint) with the prerecorded messages that say "IRS fresh start program that can reduce or eliminate back taxes that are owed to the IRS." "The programs have been developed to help stimulate the economy."

28. Defendant Nunez approves of the scripts with the prerecorded messages (like the ones alleged in this complaint) that leaves voicemails to thousands of consumers that say "Hello this is a very important statewide update to make you aware of the new economic impact tax relief program. We are required by the state to inform those on our list that have tax debt about the new economic impact tax debt modification program that is now offered during this special enrollment period. The economic impact program has been

designed to significantly reduce or eliminate altogether your IRS tax debt as it is now considered temporarily non collectible during this special enrollment period. This is a big savings for those struggling with IRS tax debt however the window for the special enrollment will soon close so please call us back to get enrolled. The callback number is (970) 665-4305. This message is now marked complete."

29. On October 15, 2021, Plaintiff received the first of multiple unauthorized phone calls made to his personal cell phone (915) 490-0898 from Defendant TRA from phone number (430) 206-4140.

30. Plaintiff answered the call and heard an artificial or prerecorded voice message about the "IRS fresh start program"

31. Plaintiff responded to the prompts and was then transferred to a live representative from Defendant TRA named Faith.

32. Faith advised Plaintiff TRA can reduce or eliminate altogether his back taxes owed to the IRS and solicited Plaintiff for TRA services.

33. Plaintiff advised Faith he owed back taxes to the IRS for the sole purposes of identifying who was responsible for making the illegal robocalls to his personal cell phone.

34. Faith asked Plaintiff for his personal information name, address, employment etc.

35. Plaintiff received an email from Faith that contained a contract with Defendant TRA's information and revealed the company responsible for the illegal robocalls made to his personal cell phone.

36. Plaintiff never gave his express written consent to receive phone calls from Defendant TRA and had no relationship with Defendant TRA prior to this interaction.

37. Faith continued to call Plaintiff from phone number (714) 804-5139 leaving voicemails on Plaintiff's personal cell phone (915) 490-0898 to call her back after Plaintiff advised Faith he would call her back after reviewing the contract and if he wanted to sign up for their services.

38. Plaintiff never gave his express consent to receive follow up calls from Faith or any other representative from Defendant TRA.

39. On October 20, 2021, Plaintiff received a call to his personal cell phone (915) 490-0898 from Faith calling from phone number (714) 804-5139. Faith stated that she was going to resend the contract to Plaintiff's email so he could sign it. Plaintiff advised Faith he was no longer interested.

40. On November 5, 2021, Plaintiff received a call to his personal cell phone (915) 490-0898 from Faith calling from phone number (714) 804-5139. Faith stated that the last time we spoke we thought we were all done however the E-signature wasn't completed and wanted to go through the process while on the phone. Plaintiff advised Faith that he stated last call he was not interested..

41. On November 10, 2021, Plaintiff received a call to his personal cell phone (915) 490-0898 from phone number (915) 223-7066 a spoofed local caller ID.

42. Plaintiff answered and was greeted by a representative named Brianna who stated she was calling from tax relief services.

43. Brianna asked Plaintiff if he owes any back taxes to the IRS and if he would be interested in a free consultation with her senior settlement officer.

44. Plaintiff agreed to have a free consultation for the sole purposes of identifying the company responsible for the unauthorized call.

45. Brianna then transferred Plaintiff to a representative named David who solicited Plaintiff for TRA services and stated they can help reduce or eliminate back taxes owed to the IRS.

46. David stated that he would email contract to Plaintiff and text his direct contact information.

47. Plaintiff received a text to his personal cell phone (915) 490-0898 from David from phone number (949) 825-5930 that said this is David from Tax Relief Advocates.

48. Plaintiff advised David he would look over the contract and call David back but never received an email from David.

49. On November 11, 2021, Plaintiff received a call to his personal cell phone (915) 490-0898 from David from phone number (915) 223-7073 a spoofed local caller ID.

50. Plaintiff answered the call and was greeted by David then the call was dropped a few seconds later.

51. On November 12, 2021, Plaintiff received a call to his personal cell phone (915) 490-0898 from David from phone number (949) 825-5930.

52. Plaintiff answered the call and was greeted by David and asked Plaintiff if he looked over the contract. Plaintiff advised David that he never received the contract via email. David advised Plaintiff he would resend the contract.

53. Plaintiff received the contract via email and confirmed David was another representative from TRA.

54. On November 15, 2021, Plaintiff received a call to his personal cell phone (915) 490-0898 from Defendant TRA from phone number (432) 298-5096.

55. Plaintiff answered the call and heard an artificial or prerecorded voice message that stated "this message is with division of economic impact with an important update regarding the new economic impact tax debt relief program."

56. Plaintiff responded to the prompts and was then transferred to a live representative and the call was dropped.

57. On November 15, 2021, Plaintiff received a call to his personal cell phone (915) 490-0898 from David from phone number (949) 825-5930.

58. Plaintiff answered and was greeted by David that said he was calling to follow up. Plaintiff advised David he was not interested.

59. Plaintiff never gave his express consent to receive follow up calls from David or any other representative from Defendant TRA.

60. Plaintiff received two artificial or prerecorded voicemails to his personal cell phone (915) 490-0898 about the "New economic impact tax relief program" and to call back phone number (970) 665-4305 to get enrolled.

61. On November 11, 2021, Plaintiff called phone number (970) 665-4305 in order to identify who was responsible for the illegal robocalls. Plaintiff was greeted by a representative named Yasmin.

62. Yasmin advised Plaintiff TRA can reduce or eliminate altogether his back taxes owed to the IRS and solicited Plaintiff for TRA services.

63. Yasmin emailed Plaintiff a contract that confirmed she was another representative from TRA.

64. The follow up calls from David and Faith made to Plaintiff's personal cell phone (915) 490-0898 are not in any way, shape, or form considered "business relationship" without Plaintiff giving his express consent to receive follow up calls.

65. Defendants purposefully availed themselves of the forum state by specifically targeting Texas residents by using Texas area codes to trick consumers into thinking the calls were local.

66. Defendants on two occasions used a local area code (915) where Plaintiff resides to trick him into thinking the calls were local.

67. Table A displays the calls made by the defendants

| Date | Time | Caller ID |
|---|---|---|
| 10/15/2021 | 9:19 AM | 430-206-4140 |
| 10/15/2021 | 11:08 AM | 714-804-5139 |
| 10/15/2021 | 12:29 PM | 714-804-5139 |
| 10/15/2021 | 1:36 PM | 714-804-5139 |
| 10/15/2021 | 5:09 PM | 714-804-5139 |
| 10/18/2021 | 1:19 PM | 714-804-5139 |
| 10/19/2021 | 10:42 AM | 714-804-5139 |
| 10/19/2021 | 4:05 PM | 714-804-5139 |
| 10/20/2021 | 9:28 AM | 714-804-5139 |
| 11/1/2021 | 11:55 AM | 254-268-0797 |
| 11/4/2021 | 9:17 AM | 254-355-7755 |
| 11/5/2021 | 3:05 PM | 714-804-5139 |
| 11/10/2021 | 11:31 AM | 915-223-7066 |
| 11/10/2021 | 11:33 AM | 430-206-8979 |
| 11/11/2021 | 10:35 AM | 254-544-0489 |
| 11/11/2021 | 11:06 AM | 915-223-7073 |
| 11/12/2021 | 10:51 AM | 949-825-5930 |
| 11/15/2021 | 1:26PM | 432-298-5096 |
| 11/15/2021 | 2:25PM | 949-825-5930 |

68.

69. Defendants employ outrageous, aggressive, and illegal sales techniques that violate multiple federal laws and state consumer statutes.

70. The unauthorized phone calls made from or on behalf of Defendant TRA to Plaintiff's personal cell phone (915) 490-0898 were made using an ATDS that has the capacity to store and produce telephone numbers using a random or sequential number generator.

71. The unauthorized phone calls made from or on behalf of Defendant TRA to Plaintiff's personal cell phone (915) 490-0898 generally had a delay of 3-4 seconds of dead air before an audible tone connected the Plaintiff to a representative, indicating the calls were initiated using an ATDS.

72. Defendants do not have a solicitation registration certificate on file with the Texas Secretary of State as required to make telephone solicitations to Texas residents. Plaintiff is a Texas resident.

73. On information and belief, the Defendants did not have a written do-not-call policy while it was sending Mr. Salaiz the unsolicited calls.

74. On information and belief, the Defendants did not train its agents who engaged in telemarketing on the existence and use of any do-not-call list.

75. Defendant Nunez participated in, facilitated, directed, authorized, knew of or willfully ignored the false and misleading sales practices and unlawful robocalling, while knowing facts that required a reasonable person to investigate further, and approved, and ratified the conduct of their employees, agents, and co-conspirators to engage in the false and misleading sales practices and unlawful robocalling.

76. Defendants have knowledge of and have adopted and maintained TCPA violations as a sales strategy. This is amply supported by the complaints Defendants receive that are available from the Better Business Bureau ("BBB"). The full scale of the complaints

Defendants receive is not currently available to Plaintiff but will be revealed through discovery to amplify what is shown below.

77. Defendants refuse to take any action to stop or curtail the unlawful sales practices and robocalling because these practices benefit Defendants financially.

78. Plaintiff never consented to receive the calls alleged herein. Plaintiff had no relationship with Defendants prior to the calls alleged herein.

### The Texas Business and Commerce Code 305.053

79. The Texas Business and Commerce code has an analogous portion that is related to the TCPA and was violated in this case.

80. The Plaintiff may seek damages under this Texas law for violations of 47 USC 227 or subchapter A and seek $500 in statutory damages or $1500 for willful or knowing damages.

### Violations of the Texas Business and Commerce Code § 302.101

81. The actions of the defendants violated the Texas Business and Commerce Code 302.101 by placing solicitation phone calls to a Texas resident without having registration certificate and bond on file with the Texas Secretary of State.

82. Texas Business and Commerce Code § 302.101 provides a private right of action. A violation of Chapter 302 "is a false, misleading, or deceptive act or practice under Subchapter E, Chapter 17" and is enforceable as such: "A public or private right or remedy prescribed by Subchapter E, Chapter 17, may be used to enforce [Chapter 302." Tex. Bus. & Com. Code § 302.303.

83. The use or employment by any person of a false, misleading, or deceptive act or practice" causes "economic damages or damages for mental anguish." Tex. Bus. & Com. Code §

17.50.

84. Texas Business and Commerce Code §302.101 states that a person (1) "may not make a telephone solicitation" (a) "from a location in [Texas]" or (b) "to a purchaser located in [Texas]," (2) "unless the [person] holds a registration certificate for the business location from which the telephone solicitation is made." Tex. Bus. & Com. Code § 302.101(a).

85. Under Texas Business and Commerce Code § 302.302 Plaintiff is entitled to seek damages of up to $5000 per violation of §302.101.

## INJURY, HARM, DAMAGES, and ACTUAL DAMAGES
## AS A RESULT OF THE CALLS

86. Plaintiff has been annoyed, harassed, and irritated by robocalls placed by the Defendants and other similar companies.

87. Plaintiff has been denied the use of his phone, enjoyment of his phone, and had the functionality of his phone decreased because of unnecessary charging, erosion of phone memory, and had his privacy invaded by the harassing robocalls.

## FIRST CAUSE OF ACTION

### Willful and/or Knowing Violation of 47 U.S.C. § 227
### Telephone Consumer Protection Act of 1991
### (Against all Defendants)

88. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

89. Defendants and/or their agents placed calls to Plaintiff's cellular telephone.

90. Plaintiff never consented to receive calls from Defendants. Plaintiff has no relationship with Defendants.

91. Defendants' calls were made for purposes of advertising and marketing Defendants' tax debt relief services. These calls constituted commercial advertising and telemarketing as contemplated by the TCPA.

92. The calls were made using an artificial or prerecorded voice message to the cellular phone of Plaintiff in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and (B).

93. As a result of their unlawful conduct, Defendants repeatedly invaded the personal privacy of Plaintiffs, causing Plaintiff to suffer damages and, under 47 U.S.C. § 227(b)(3)(B), entitling Plaintiff to recover $500 in statutory damages for each violation and an injunction requiring Defendants to stop their unlawful calling campaigns.

94. Not only did Defendants make these violating calls, Defendants and/or their agents did so "knowingly" and/or "willfully' under 47 U.S.C. § 227 (b)(3)(C).

95. If the Court finds that Defendants willfully or knowingly violated this subsection, the Court may exercise its discretion to increase the amount of the award from $500 to $1500 per violation under 47 U.S.C. § 227(b)(3)(C).

**<u>SECOND CAUSE OF ACTION</u>**
**Telemarketing Without Mandated Safeguards, 47 C.F.R. § 64.1200(d)**
**(Against All Defendants)**

96. Plaintiff incorporates the forgoing allegations as if fully set forth herein.

97. The foregoing acts and omissions of Defendants and/or their affiliates or agents constitute multiple violations of FCC regulations by making telemarketing solicitations despite lacking:

a. written policy, available upon demand, for maintaining a do-not-call list, in violation of 47 C.F.R. § 64.1200(d)(1) [1];

b. training for the individuals involved in the telemarketing on the existence of and use of a do-not-call list, in violation of 47 C.F.R. § 64.1200(d)(2) [2]; and,

c. in the solicitations, the name of the individual caller and the name of the person or entity on whose behalf the call is being made, in violation of 47 C.F.R. § 64.1200(d)(4).[3]

98. Plaintiff is entitled to an award of at least $500 in damages for each such violation. 47 U.S.C. § 227(c)(5)(B).

99. Plaintiff is entitled to an award of up to $1,500 in damages for each such knowing or willful violation. 47 U.S.C. § 227(c)(5).

## THIRD CAUSE OF ACTION
### Violations of The Texas Business and Commerce Code 305.053

100. Plaintiff incorporates the foregoing allegations as if set forth herein.

101. The foregoing acts and omissions of Defendants and/or their affiliates or agents constitute multiple violations of the **Texas Business and Commerce Code 305.053**, by making non-emergency telemarketing robocalls to Mr. Salaiz cellular telephone number without his prior express written consent in violation of 47 USC 227 et seq. The Defendants violated 47 USC 227(d) and 47 USC 227(d)(3) and 47 USC 227(e) by using an ATDS that does not comply with the technical and procedural standards under this subsection.

---

[1] *See id.* at 425 (codifying a June 26, 2003 FCC order).
[2] *See id.* at 425 (codifying a June 26, 2003 FCC order).
[3] *See id.* at 425 (codifying a June 26, 2003 FCC order

102.    Plaintiff is entitled to an award of at least $500 in damages for each such violation. **Texas Business and Commerce Code 305.053(b)**

103.    Plaintiff is entitled to an award of up to $1,500 in damages for each such knowing or willful violation. **Texas Business and Commerce Code 305.053(c)**

### FOURTH CAUSE OF ACTION

### (Violations of The Texas Business and Commerce Code 302.101)

104.    Plaintiff incorporates the foregoing allegations as if set forth herein. by reference each and every allegation set forth in the preceding paragraphs.

105.    The foregoing acts and omissions of Defendants and/or their affiliates or agents constitute multiple violations of the **Texas Business and Commerce Code 302.101**, by making non-registered solicitation calls to Plaintiff's cellular telephone number without his prior express written consent.

106.    Plaintiff is entitled to an award of up to $5,000 in damages for each such knowing or willful violation. **Texas Business and Commerce Code 302.302.**

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff Erik Salaiz prays for judgment against the defendants jointly and severally as follows:

A.    Leave to amend this Complaint to name additional DOESs as they are identified and to conform to the evidence presented at trial;

B.    A declaration that actions complained of herein by Defendants violate the TCPA and Texas state law;

C.    An injunction enjoining Defendants and their affiliates and agents from engaging in the unlawful conduct set forth herein;

D.  An award of $3000 per call in statutory damages arising from the TCPA intentional violations jointly and severally against the corporation and individual for nineteen calls.

E.  An award of $1,500 in statutory damages arising from violations of the Texas Business and Commerce code 305.053

F.  An award of $5,000 in statutory damages arising from violations of the Texas Business and Commerce code 302.101.

G.  An award to Mr. Salaiz of damages, as allowed by law under the TCPA;

H.  An award to Mr. Salaiz of interest, costs and attorneys' fees, as allowed by law and equity

I.  Such further relief as the Court deems necessary, just, and proper.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

January 3, 2022              Respectfully Submitted,

Erik Salaiz
Plaintiff, Pro Se
319 Valley Fair Way
El Paso, Texas 79907
915-490-0898
Salaiz.ep@gmail.com